UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80918-CIV-MATTHEWMAN

JEANETTE CASTRO,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

FILED BY KJZ D.C.
Jul 16, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [DE 31]

**THIS CAUSE** is before the Court upon Plaintiff, Jeanette Castro's ("Plaintiff") Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("Motion") [DE 31]. Plaintiff has also filed a Time Log [DE 31-1].

### I. BACKGROUND

On May 15, 2016, Plaintiff filed an application for disability insurance benefits. [DE 27, p. 2]. On April 24, 2020, Plaintiff filed her Motion for Summary Judgment [DE 27] before this Court, arguing that the ALJ's decision in denying the disability application should be reversed and remanded. On May 22, 2020, the undersigned granted Defendant's Unopposed Motion to Remand [DE 28], remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g), and four days later the Court also entered Final Judgment in favor of Plaintiff and against Defendant. [DEs 29, 30]. Thereafter, Plaintiff filed the pending Motion.

The Court has carefully reviewed the Motion and the Time Log. Plaintiff is seeking attorney's fees in the amount of $3,345.58. [DE 31]. Plaintiff asserts that she has met the burden

1

necessary to receive EAJA fees because Plaintiff's net worth did not exceed $2,000,000.00 when this Court entered an Order remanding this matter back to the Commissioner for further administrative proceedings, judgment was entered, Plaintiff has prevailed, and the Commissioner was not substantially justified. *Id.*

## II.     ENTITLEMENT TO ATTORNEY'S FEES

This dispute is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states in pertinent part:

> "[A] court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)). Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Moreover, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Here,

the Court entered the Order Granting Defendant's Unopposed Motion to Remand and Remanding Case to the Commissioner [DE 29] on May 22, 2020, and Judgment [DE 30] on May 26, 2020, and the Motion was filed on July 14, 2020. Thus, it is timely.

Next, an EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and then the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Here, the Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not attempt to show otherwise.

Finally, Plaintiff has asserted in the Motion that her net worth was less than $2 million when he filed the case as shown [DE 31]. The Court also notes that it previously entered an Order granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 6].

The first four conditions are met, and no special circumstances would make the award of fees unjust. Thus, Plaintiff is entitled to receive an EAJA award.

### III.  REASONABLENESS OF ATTORNEY'S FEES CLAIMED

Next, attorney's fees requested pursuant to the EAJA must be reasonable and

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A reasonable hourly rate is the prevailing market rate in the "relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Holsey v. Comm'r of Soc. Sec. Admin.*, NO. 3:14-cv-938-J-PDB, 2015 WL 8479301,

*2 (M.D. Fla. Dec. 10. 2015).

Plaintiff asserts that her attorney's hourly rate of $205.25 is reasonable as there has been an increase in the cost of living since the amendment to the EAJA took effect on March 29, 1996, and a cost of living increase is specifically mentioned in the EAJA as a factor justifying a fee greater than $125.00 per hour. [DE 31, pp. 2-3]. Plaintiff has also provided a Time Log that includes detailed descriptions of the services performed and the time spent on each service. [DE 31-1]. Plaintiff's counsel billed a total of 16.3 hours. *Id.*

Based on the Court's own knowledge and expertise in the award of attorney's fees, the Court finds that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. Heather Freeman, Esq., specializes in handling social security appeals, and she is quite adept in that area of the law, as reflected in her many appearances before this Court.

In sum, considering the services provided to Plaintiff, the procedural history of the case, the matters at issue, and the effort required, the Court finds that the attorney's fee award sought by Plaintiff is reasonable. The Court also notes that the Commissioner has no objection to the fees sought.

## IV. ASSIGNMENT OF FEES AND COSTS

Because Plaintiff is eligible and her requested attorney's fees and costs are reasonable, the Court grants the Motion and awards Plaintiff her attorney's fees and costs sought. If Plaintiff's counsel has not yet provided a copy of the assignment executed by Plaintiff to Defendant, she shall do so promptly. Since Plaintiff has assigned any fees awarded under EAJA to her attorney, if the U.S. Department of the Treasury determines that Plaintiff does not owe a

federal debt, any remaining EAJA fees should be sent directly to Plaintiff's counsel.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion [DE 31] is **GRANTED**. Plaintiff is awarded $3,345.58 in attorney's fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 16th day of July, 2020.

_William Matthewman_
WILLIAM MATTHEWMAN
United States Magistrate Judge